UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| ASHLEY WARREN, ) | |
| ) | |
| *Petitioner*, ) | Case Nos. 4:22-cr-17 & 4:24-cv-69 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| ) | Magistrate Judge Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Ashley Warren's Motion to Vacate, Set Aside, or Correct Sentence [4:22-cr-17, Doc. 463; 4:24-cv-69, Doc. 1]. Petitioner pled guilty to conspiracy to distribute at least 50 grams of methamphetamine and was sentenced to 120 months imprisonment. Petitioner now asks the Court to reduce/correct that sentence on ground of ineffective assistance of counsel. For the reasons explained below, Petitioner's Motion [4:22-cr-17, Doc. 463; 4:24-cv-69, Doc. 1] is **DENIED**.[1]

### I. FACTUAL BACKGROUND

On June 28, 2022, Petitioner was indicted for conspiracy to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Cotton*, 4:22-cr-17, Doc. 1 (E.D. Tenn. June 28, 2022). Petitioner pled guilty roughly eight months

---

[1] Petitioner also requests that the Court appoint her counsel for purposes of pursuing the instant Motion. [Doc. 2]. Petitioner, however, "is not automatically entitled to an appointed counsel in a § 2255 motion[.]" *United States v. Camp*, No. 15-cr-20744, 2024 U.S. Dist. LEXIS 201285, *6 (E.D. Mich. Nov. 5, 2024). Rather, "the decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." *Id.* (citing *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B)). "In considering whether appointment of counsel is warranted, courts examine the legal and factual complexity of the case and the petitioner's ability to represent [her]self." *Id.* at *6–7 (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). Here, Petitioner's claims are straightforward, and she appears fully capable of representing herself in these proceedings. Consequently, Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED**.

later. *Id.* at Doc. 188. Although Petitioner entered into a plea agreement with the Government, the parties did not agree to a specific sentencing range or recommended disposition as permitted by Federal Rule of Criminal Procedure 11. *Id.* at Doc. 171. Instead, the parties agreed that the Court could "impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term of supervised release up to the statutory maximum(s)[.]" *Id.* ¶ 6. The Court accepted Petitioner's plea agreement and sentenced her to 120 months of imprisonment on September 21, 2023. *Id.* at Doc. 359. The instant Motion followed is now ripe for the Court's review.

## II. STANDARD OF REVIEW

Federal prisoners may move to vacate, set aside, or correct their sentences if those sentences were imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). One way a sentence can be constitutionally invalid is if it results from ineffective assistance of counsel. *See Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). The Supreme Court's two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance claims. The *Strickland* test's first prong requires a showing of deficient performance by counsel—that is, a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. As to *Strickland*'s second prong, it requires the defendant to show that counsel's deficient performance prejudiced her case. *Id.* at 692. In this context, prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III. ANALYSIS

Petitioner contends that her counsel provided ineffective assistance by coercing her to plead guilty and sign a plea agreement. [Doc. 1 at 5]. Specifically, she asserts that counsel told her that she would be sentenced to life in prison if she did not accept the proposed plea agreement and

2

plead guilty. [*Id.*] Petitioner asserts that this statement was unduly coercive and led her to change her plea against her will. [*Id.*]. She further appears to assert that counsel's statement was a lie as she claims that the Government asked for a sentence lower than the 120 months she was sentenced to. [*Id.*]. These arguments are without merit.

A defendant's guilty plea must be entered knowingly, voluntarily, and intelligently to be valid. *United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013) (citing *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007)). Federal Rule of Criminal Procedure 11 "is meant to ensure that the district court is satisfied that the defendant's plea is knowing, voluntary, and intelligent." *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005)). Rule 11 specifically requires the district court, before accepting a guilty plea, to "inform the defendant of, and ensure the defendant understands, the nature of the charges against him, the mandatory minimum penalty, and the maximum possible penalty provided by law." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

In this case, the change of plea colloquy was not transcribed, but the Court recalls performing it in accordance with its standardized change of plea procedure. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on [his] recollections of the trial."). Consistent with this procedure, the Court asked Petitioner a series of questions to ensure that her change of plea was valid. The Court began by asking Petitioner about her educational level, mental health and addiction history, and whether she was currently under the influence of any substance to ensure that she could fully comprehend the nature and gravity of changing her plea. The Court then asked Petitioner several questions concerning whether her counsel had adequately advised her, asking if counsel had explained things like (i) the elements of the charged offense, (ii) any

defenses she may have to the charge, (iii) the terms of the plea agreement, and (iv) the maximum possible penalty that she could face. The Court next confirmed that Petitioner was aware that she was waiving several constitutional rights by pleading guilty before turning to the voluntariness of her plea. The Court specifically asked Petitioner whether any person had put any physical or mental pressure on her to force her to plead guilty. Petitioner responded to this question in the negative and none of her answers to the Court's prior questions otherwise indicated that her plea was anything but voluntarily and knowingly entered into. Had Petitioner in any way indicated that her plea was coerced, the Court would not have accepted it. After addressing the voluntariness of Petitioner's change of plea, the Court then addressed the specific terms of the plea agreement and confirmed that Petitioner understood that the plea agreement's terms limited her ability to later challenge her conviction. The Court then heard the Government's case against Petitioner and confirmed that Petitioner was pleading guilty because she was, in fact, guilty. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) ("[A] defendant must be bound to the answers he provides during a plea colloquy."). Consequently, Petitioner's statement that she was knowingly and voluntarily changing her plea refutes her contention that her plea was coerced. *See Blackledge*, 431 U.S. at 74. This, however, is not the only problem with Petitioner's argument.

Petitioner bases her claim of coercion on the idea that her counsel told her that she "would be sentenced to life in prison, as well as the added enhancement of a career criminal" if she did not change her plea and sign the plea agreement. [Doc. 1 at 5]. "'[C]orrectly informing a defendant that [s]he may face a greater sentence after conviction at trial is not coercion, and in fact, failure to do so may qualify as ineffective assistance of counsel.'" *Sarabia v. United States*, No. 2:16-

4

CV-86-RLJ, 2019 U.S. Dist. LEXIS 96644, *20 (E.D. Tenn. June 10, 2019) (quoting *United States v. Taylor*, 254 F. Supp. 3d 145, 159 (D.D.C. 2017)). Here, Petitioner was charged with conspiracy to distribute 50 grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. *Cotton*, 4:22-cr-17, Doc. 1. The maximum penalty Petitioner could have faced for this offense is life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). In informing Petitioner of this fact, her counsel did not coerce her to plead guilty but instead merely illuminated the reality of her situation. *See Sarabia*, 2019 U.S. Dist. LEXIS 96644, *20; *United States v. Smith*, No. 10-CR-20058, 2015 U.S. Dist. LEXIS 132307, *19–20 (E.D. Mich. Sep. 30, 2015) (finding a guilty plea was not coerced where trial counsel advised a Section 2255 petitioner to plead guilty and told the petitioner that he was "facing life" if he went to trial). Indeed, "counsel for [Petitioner] might well have been remiss had he not informed [her] of the maximum sentence possible[.]" *Baker v. United States*, 781 F.2d 85, 91 (6th Cir. 1986). Consequently, Petitioner's counsel did not perform deficiently by advising her that she could be sentenced to life if she went to trial and recommending that she change her plea.

This conclusion is unaffected by Petitioner's contention that the Government allegedly requested that she be sentenced to less than 120 months imprisonment. [Doc. 1 at 5]. Simply put, this contention is contradicted by the record. Although the Government filed a motion for downward departure, *see Cotton*, 4:22-cr-17, Doc. 341, nothing in that motion or anything else in the record shows or even suggests that the Government ever requested that Petitioner be sentenced to less than 120 months. As Petitioner's statement is contradicted by the record, the Court cannot accept it as true. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (stating that a petitioner's allegations cannot be accepted as true where they are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact"). Thus, this statement provides

5

Case 4:24-cv-00069-CEA-CHS    Document 6    Filed 04/14/25    Page 5 of 7    PageID #: 28

no basis for changing the Court's conclusion that Petitioner's counsel provided constitutionally adequate representation.

The Court notes, however, that even if Petitioner's counsel had been deficient, Petitioner still would not be entitled to relief as she has not demonstrated prejudice. The Supreme Court has modified *Strickland*'s prejudice prong to account for ineffective assistance claims that follow a defendant's guilty plea. Specifically, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner cannot make this showing. Nowhere in her Motion does she argue or suggest that she "would have insisted on going to trial" had counsel's performance not been deficient. *Id.* This omission alone is fatal to Petitioner's claim of prejudice. *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998) (recognizing that the defendant could not "satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different"). The considerable evidence against Petitioner also undermines any notion that she would have insisted on going to trial in lieu of pleading guilty. Investigators had, among other evidence, Petitioner's confession and statements that could have led to her being held personally accountable for more than 80 kilograms of methamphetamine. [Doc. 5 at 4]. Following a conviction at trial, Petitioner could have faced up to life imprisonment, a sentence far lengthier than the 120 month sentence she ultimately received. These circumstances lead the Court to conclude that Petitioner suffered no prejudice based on her guilty plea. *Hunter*, 160 F.3d at 1115 (finding it "highly improbable" that the defendant would have proceeded to trial where "the evidence of his culpability was overwhelming, and the possible sentence he faced was far greater than what he got under his plea agreement"). Accordingly. Petitioner's claim of

6

ineffective assistance of counsel would fail even if she was somehow able to establish that her counsel's performance was deficient.

## IV. CONCLUSION

Petitioner's ineffective assistance claim lacks merit. Her counsel did not perform deficiently or cause any prejudice. For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [4:22-cr-17, Doc. 463; 4:24-cv-69, Doc. 1] is **DENIED**. A separate Judgment Order will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**